IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
TYLER DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § § § § § § § § § § § | CASE NO. 6:25-CR-00013-JDK |
| v. | | |
| BRANDON KYLE SMITH | | |

## REPORT & RECOMMENDATION OF
## UNITED STATES MAGISTRATE JUDGE

On April 29, 2025, the court conducted a hearing to consider the government's petition to revoke the supervised release of Defendant Brandon Kyle Smith. The government was represented Jim Noble, Assistant United States Attorney for the Eastern District of Texas, and Defendant was represented by Jonathan Hyatt, Federal Public Defender.

Defendant originally pled guilty to the offense of Possession of a Controlled Substance with Intent to Distribute and Aiding and Abetting, a Class C felony. This offense carried statutory maximum imprisonment term of 20 years. The guideline imprisonment range, based on a total offense level of 23 and a criminal history category of IV, was 70 to 87 months. On August 11, 2016, U.S. District Judge Jane Boyle of the Northern District of Texas sentenced Defendant to 75 months imprisonment, followed by 3 years of supervised release subject to the standard conditions of release, plus special conditions to include drug aftercare, mental health treatment, obtain a GED, and a $100 special assessment. On May 16, 2023, Defendant completed his period of imprisonment and began service of the supervision term. On February 12, 2025, jurisdiction of this matter was transferred to this district.

Under the terms of supervised release, Defendant was required to refrain from unlawful use of a controlled substance. In its petition, the government alleges that Defendant violated his conditions of supervised release on December 19, 2024 and January 3, 2025 when he provided urine specimens that tested positive for methamphetamine. The government submits that Fifth Circuit case law permits the court to find that illicit drug use constitutes possession.

If the court finds by a preponderance of the evidence that Defendant violated the conditions of supervised release by committing the criminal offense of possession of methamphetamine, Defendant will have committed a Grade B violation. U.S.S.G. § 7B1.1(a). Upon finding of a Grade B violation, the court shall revoke supervised release. U.S.S.G. § 7B1.3(a)(1). Considering Defendant's criminal history category of IV, the Guideline imprisonment range for a Grade B violation is 12 to 18 months. U.S.S.G. § 7B1.4(a).

At the hearing, the parties indicated that they had come to an agreement to resolve the petition whereby Defendant would plead true to the Grade B violation of the conditions of supervision referenced above as alleged in the government's petition. In exchange, the government recommended to the court a sentence of 12 months and 1 day imprisonment with no supervised release to follow.

The court therefore **RECOMMENDS** that Defendant's plea of true be accepted and that he be sentenced to 12 months and 1 day imprisonment with no supervised release to follow. The court further **RECOMMENDS** that Defendant serve his sentence at FCI Bastrop, TX, if available, and that Defendant receive alcohol and drug treatment. The parties waived their right to objections so this matter shall be immediately presented to the District Judge for consideration.

**So ORDERED and SIGNED this 30th day of April, 2025.**

JOHN D. LOVE
UNITED STATES MAGISTRATE JUDGE